UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VANGUARD DEALER SERVICES, LLC, | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:21-cv-659 (JAM) |
| | : | |
| BOTTOM LINE DRIVEN, LLC and JOSEPH DIRAFFAELE | : | |
| | : | |
| *Defendants*. | : | |

## RULING ON MOTIONS TO SEAL

Pending before the Court are plaintiff's motions to seal at Doc. No. 218, 229, and 230; defendants' motions to seal at Doc No. 220, 250, and 264; non-party CreditGuard's requests to seal at Doc. No. 234 and 270; and non-party Cornell Capital's requests to seal at Doc. No. 269. For the reasons that follow, the motions are granted in part and denied in part.

### A. LEGAL STANDARD

The public has a fundamental presumptive right of access to judicial documents. *See Mirlis v. Greer*, 952 F.3d 51, 58-59 (2d Cir. 2020). When a party seeks to restrict public access, the courts undertake a three-step inquiry. *Id.* First, the court determines whether the filing is a judicial document, i.e., whether it is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995). "A finding that a document is a judicial document triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (citation cleaned up). Second, the court determines the weight of the presumption of access, which is "governed by the role of the material at issue in the

exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1049 (2d Cir. 1995). Third, the court must "identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis* at 59 (citing *Amodeo II*).

## B. DISCUSSION

Applying those factors in this case, the Court reaches the following general determinations. Briefs and evidence submitted in support of motions for summary judgment and *Daubert* motions are judicial documents, and the presumption of public access to these documents is strong. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) (motion for summary judgment); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 512 (S.D.N.Y. 2015) (*Daubert* motions). Under the circumstances of this case, the Court finds that the sensitivity of the following limited categories of documents outweigh that presumption. *First,* sealing is warranted to protect personal privacy of personal health information and income tax information. *See Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-cv-476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) (strong privacy interest in medical information); *Solomon v. Siemens Indus., Inc.*, 8 F. Supp. 3d 261, 285 (E.D.N.Y. 2014) (tax returns). *Second*, sealing is warranted to protect sensitive financial account information such as bank account and routing numbers. *See Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F. Supp. 2d 374, 376-77 (S.D.N.Y. 2007). *Third,* sealing of negotiated product prices and sales commissions, detailed financial and operations reports, and internal analyses regarding the parties and their affiliated companies is warranted to prevent serious competitive harm. *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-cv-9439 (PKC), 2020 WL 3264264, at *3

(S.D.N.Y. June 17, 2020) ("The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents.") (citing *Amodeo II*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts[.]")).

In evaluating competitive harm, the mere fact that a document contains non-public business information is not, by itself, sufficient to justify sealing. As provided in Local Rule 5(e)(3), an order sealing a judicial document must be based upon "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." Having reviewed the various assertions of competitive harm – particularly in the briefs at Doc. No. 271 (plaintiff), 273 (defendants), 234 and 270 (CreditGuard), and 269 (Cornell Capital) – the Court finds a valid risk of competitive harm justifies the sealing of product prices, commission rates, detailed financial and operations reports, and internal analyses as described above. However, under the circumstances, the Court does not find that sealing is warranted of stale information that does not reflect the current market. Nor is sealing warranted for general performance metrics that do not reveal specific competitive strategies or vulnerabilities, or for isolated, piecemeal references to prices, rates, metrics, or business considerations in deposition testimony that do not, in that attenuated context, pose a realistic risk of competitive harm.

As an additional note, in balancing the presumption of public access against the privacy or sensitivity of the materials, the Court accords extra weight to the privacy interests of nonparties, which in this case include consumers, salespersons, and auto dealers. *See Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("[T]he privacy interests of innocent third

parties . . . should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted."). However, companies affiliated with plaintiff – including Cornell, Spectrum, and Aftermarket – are not bystanders insofar as they designated a company officer as plaintiff's original expert and put their operations and financial performance at issue in connection with plaintiff's damages theory. Consequently, they are not entitled to special solicitude and, in fact, have rendered aspects of their business operations material, which weighs in favor of public access to that information.

### C. ORDER

Applying these determinations, the motions to seal are granted in part and denied in part as follows. Compliance with this order is due by **May 5, 2023**.

The clerk of the court shall unseal the following documents: Doc. No. 222, 221-1, 224, 231, 232, 233-1 to 233-5, 233-7 to 233-13, 233-15 to 233-17, 233-19, 233-20, 233-25, 233-27, 233-28, 233-30, 233-32, 233-37 to 233-40, 233-42 to 233-44, 233-46, 233-47, 248-1 to 248-3, 252-1, and 252-2.

The clerk of the court shall seal Doc No. 228-38.

Plaintiff shall file an unsealed copy of Doc. No. 219 with the Metadata Tables 1, 2 and 3 redacted.

Regarding Doc. No. 222-2, defendants shall file an unsealed copy with the following pages redacted: 82-86, 99-102, 111, 113-114, 128, 164-167, 171-176, 193, 204-205, 210, 218, 221, 237, 239-244, 253-266, 268-282, 336-337, and 342-348. Defendants shall also redact the following information: consumer names at pp. 89-90, 113-114, 138, 141; account numbers at pp. 245-252; and the address at p. 330. Note that the native files listed on p. 349 remain under seal.

Regarding Doc. No. 222-4, defendants shall file an unsealed copy with the following pages redacted: 2-109, 111-123, 143-152, 171-233.  The new filing shall also include all pages of the Quinn and Marino deposition transcripts that are referenced in the briefs and/or 56(a) statements and shall omit all other pages of those transcripts.

Regarding Doc. No. 222-5, defendants shall file an unsealed copy of all pages of the Brown, Chiavon, Howarth, McClain-Duer, and Pollack deposition transcripts that are referenced in the briefs and/or 56(a) statements.  The following lines of the Pollack transcript shall be redacted in the new filing: 35:07-36:3, 46:4-19, 47:16-24, 50:4-8, 51:3-12, and 105:6-117:3.

Defendants shall file an unsealed copy Doc. No. 222-6 with pp. 2-39 redacted.

Defendants shall file an unsealed copy Doc. No. 222-7 with the following pages redacted: 1-6, 9-21, 29-35, 45, 48, 50, 52, 54, 56-151.

Defendants shall file an unsealed copy of Doc. No. 222-8 with pp. 28-35 redacted.

Plaintiff shall file an unsealed copy of Doc. No. 233-18 with rates redacted on p. 4.

Plaintiff shall file an unsealed copy of Doc. No. 233-22 with rates redacted on p. 3.

Plaintiff shall file an unsealed copy of Doc. No. 233-26 with rates redacted on pp. 2-3.

Plaintiff shall file an unsealed copy of Doc. No. 233-31 with personal health information redacted on pp. 4-5.

Plaintiff shall file an unsealed copy of Doc. No. 233-33 with rates redacted on p. 6.

Plaintiff shall file an unsealed copy of Doc. No. 233-35 with rates redacted on p. 5.

Plaintiff shall file an unsealed copy of Doc. No. 233-41 with rates redacted on p. 2.

Regarding Doc. No. 252-3, defendants shall file an unsealed copy with the following pages redacted: 24-36 and 137-164.  Defendants shall also redact the price at p. 6.  The new

filing shall also include all pages of the Cofrancesco and Prato deposition transcripts that are referenced in the briefs and/or 56(a) statements and shall omit all other pages of those transcripts.

To the extent that defendants cited DX 32 in the briefs and/or 56(a) statements but did not submit a copy, they shall file an unsealed copy.

Defendants shall file a copy of DX 53 under seal.

This is not a recommended ruling. This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED, this 27th day of April, 2023, at Bridgeport, Connecticut.

                                                 */s/ S. Dave Vatti*
                                                 S. DAVE VATTI
                                                 United States Magistrate Judge